**FILED**

MAR 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

JOE LOUIE MENDOZA
Reg#05776-010
FCI Memphis
P.O. Box 34550
Memhpis, Tn 38184

CASE NUMBER 1:06CV00591

Vs.   Civi

JUDGE: Ellen Segal Huvelle

DRUG ENFORCEMENT ADMINISTRATION
Washington, DC 20537

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 03/30/2006

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT AND
PRIVACY ACT 5 USC § 552 AND 5 UDC § 552(a).**

This is an action under the Freedom of Information Act (FOIA) 5 USC § 552, as amended, and the Privacy Act (PA), 5 USC § 552(a), to order the production of agency records previously requested by Plaintiff pursuant to the above-referenced acts and which requests have been denied by the defendant agency.

This Court has jurisdiction over this action pursuant to 5 USC § 552(a)(4)(B) and 5 USC § 552(g)(1)(B);(g)(1)(D);(g)(3)(A); (g)(3)(B);(g)(4)(A) and (g)(4)(B).

Plaintiff, Joe Louie Mendoza is a Federal Prisoner in the Correctional Institution at Memphis, Tennessee. He is the requester of the withheld records.

Defendant Drug Enforcement Administration is an agency of the United states, and it has possession of, and control over the records that Plaintiff seeks.

The following is a list of the requests made by Plaintiff to the defendant's agency.

**RECEIVED**

MAR 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On or about January 28,2002, Plaintiff requested his laboratory reports and laboratory analysis, among other records, through a Freedom of Information Act 5 USC § 552 and Privacy Act 5 USC § 552 a, from the Drug Enforcement Administration's South Central Laboratory at,101150 East Technology Blvd., Dallas, Texas 75220.

On or about April 5,2002, a response was sent in the form of the standard "ten day letter" assigning a request No. 02-0779-P. On or about April 22,2002, a response was sent to Plaintiff as to his request of January 28,2002, to inform him that only six pages were going to be release and that 389 pages would be withheld. No laboratory reports laboratory analysis, and chemical composition reports were among the six pages that were released. On or about May 22,2002, Plaintiff filed an appeal to the denial of the 389 pages that were withheld by the Drug Enforcement administration. On or about July 19,2002, a response was sent to Plaintiff by the Office of Information and Privacy, informing Plaintiff that his appeal had been received and had been given an assigned No.02-2351. On or about July 24,2002, Plaintiff filed a second request under the Freedom of Information Act/Privacy Act, to the Drug Enforcement Administration Agency at, 179 East Colt Drive, Fayetteville, Arkansas 72703, with a more detailed list of the records Plaintiff was requesting. On or about January 28,2003, a letter was sent by the Drug Enforcement Administration informing Plaintiff that the fee waiver would be denied, but that if Plaintiff submitted a letter with a promise to pay the fee that processing would commence upon receipt of that letter. On or about February 7.2003, Plaintiff sent a letter informing the Drug Enforcement Administration Agency that he was more than willing to pay the fee so that the agency could commence

processing his request. On or about March 21,2003, Plaintiff filed an appeal as to the fee waiver. On or about April 14,2003, a response letter was sent to Plaintiff with an assigned No. 03-1904 as to the fee waiver appeal. On or about July 31,2003, a response letter was sent to Plaintiff informing him as to what records were maintained with the Drug Enforcement Administration Agency and that his requests that he filed under the Freedom of Information Act/Privacy Act were under advisement with the Office of Information and Privacy. On or about May 19,2004, Plaintiff sent a letter of inquire as to the status of his two appeals. On or about August 10,2004, a letter was sent to Plaintiff informing him that the Office of Information and Privacy was closing his appeal file as to the fee waiver issue. On or about August 10,2004 a letter response was sent to Plaintiff from the Office of Information and Privacy advising him that two additional pages that had been withheld would be released, However, no laboratory reports, laboratory analysis, chemical compsition, or any of the additional reports requested in his second request were among those two pages.

Plaintiff has a statutory right to the records that he seeks and there is no legal basis for the defendant's refusal to disclose them to him. Defendant has refused to release records that are clearly not exempt under the Freedom of Information Act/Privacy Act. Plaintiff has made a showing that the Drug Enforcement Administration has improperly withheld agency records.

Therefore, Plaintiff prays that this Court:

1. Declare that defendant's refusal to disclose the records requested by Plaintiff is unlawful;

2. Issue an injunction to prevent the Drug Enforcement Administration from relying on their invalid practices;

3. Make a written finding that the circumstances surrounding the withholding raises questions whether there has been arbitrary or capricious agency action and make a referral of the matter to the Merit Systems Protection Board for investigation, pursuant to subsection (a)(4)(F);

4. Award Plaintiff his cost and reasonable attorney's fee in this action;

5. Expedite lawsuit pursuant to 28 USC § 1657(a); and

6. Grant such other and further relief as the Court deem just and proper.

Plaintiff has included true copies of letters of request made under the Freedom of Information Act and Privacy Act to the Drug Enforcement Administration Agency, appeals made to the Office of Information and privacy, and responses from both the Drug Enforcement Administration Agency and the Office of Information and privacy as Exhibit A.

Signed this 9 day of March, 2006

Respectfully submitted

*Joe Louie Mendoza*
Joe Louie Mendoza
Reg#05776-010
FCI Memphis
P.O. Box 34550
Memphis, Tn 38184

I declare under penalty of perjury that the foregoing is true and correct.

*Joe Louie Mendoza*
Joe Louie Mendoza

Exhibit A.