UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

RECEIVED
NOV 0 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOE LOUIE MENDOZA,
    Plaintiff,

Vs.                                           Civil Action No.06-0591(ESH)

DRUG ENFORCEMENT ADMINISTRATION,
    Defendant.

## MOTION FOR AWARD OF COST FOR THE FILING OF SUIT BROUGHT UNDER THE FREEDOM OF INFORMATION PRIVACY ACT.

Comes now Joe Louie Mendoza, Pro Se as his own attorney on behalf of himself sui juris and respectfully ask this court to hear this motion for the award of cost for the filing of suit brought under the Freedom of Information Act/Privacy Act. This motion is made under 5 USC 552 (a) (4) (E) and for the following reason.

In order for plaintiff to receive records, documents, or information that he was entitled to under the Freedom of Information Act/Privacy Act. Plaintiff was put through the burden of having to file suit under the Freedom of Information Act/Privacy Act. After the filing of suit and during the pendency of suit defendant release 23 pages of responsive information.

These 23 pages consist of laboratory reports and laboratory analysis which were part of plaintiff's original request made under the Freedom of Information Act/Privacy Act

to the Drug Enforcement Administration's South Central Laboratory.

In order to show that plaintiff has substantially prevailed under the requirement of 5 USC § 552 (a) (4) (E) he must show that documents were denied to him that were in the possession of the Drug Enforcement Administration and were released after the filling of suit and while litigation is pending. See Cuneo Vs Rumsfeld(1977,App DC) 180 US App DC 184, 553 F 2d 1360, 23 CCF ¶81142, plaintiffs have substantially prevailed within meaning of 5 USC § 552 (a) (4) (E) where they are denied documents in possession of federal agency and file suit, and while litigation is pending, agency surrenders demanded documents, since forcing plaintiff to try every case for purpose of insuring award of attorneys' fees would lead to absurd or futile result which would not further or be consonant with purpose of Freedom of Information Act. Kay Vs Burns 411 F Supp 897 (SD NY 1976), proper construction of "substantially prevailed" requirement of 5 USC § 552 (a) (4) (E) did not preclude recovery of attorney's fee and litigation cost where government, after commencement of litigation, had acted to moot action by supplying material sought. Goldstein Vs Levi 415 F Supp 303 (1976, DC Dist Col), fact that agency voluntarily releases requested document under Freedom of Information Act(5 USC § 552) without any direct order from the court does not necessarily mean that plaintiff has not "substantially prevail" within the meaning of 5 USC § 552 (a) (4) (E) since purpose of provision for counsel fees is to encourage private citizens to bring to the attention of any unlawful withholding of

information by government agency; this purpose would be defeated and frustrated if plaintiffs were forced to forfeit claim for counsel fees upon surrender of materials prior to formal action by jugde. Plaintiff is entitled to attorney fees and cost of filling fees under 5 USC § 552 (a)(4)(E), despite fact that documents were released voluntarily by agency subsequent to filing of law suit, since issuance of court order compelling disclosure is not prerequisites for filing that plaintiff has "substantially prevailed" and is therefore, entitled to fees, Washington Area Constr. Industry Task Force Vs U.S. Dep't of Labor(1978,D.C. Dist Col) 3 Media L R 2018. Also see Fiumara Vs Higgins 572 F Supp 1093 (D.C. NH 1983), requester substantially prevailed for purpose of award of attorney fees where government discovered certain documents covered by request only after requester's institution of civil action; requester substantially prevailed where government did not even begin to locate bulk of information requested until trial preparation. Even though suit under 5 USC § 552 were mooted by production of requested documents, mootness does not automatically preclude award of attorney's fees. Lovell Vs Alderete 630 F2d 428 (1980,CA5 Ga).

    Plaintiff has incluled a copy of letter from defendant where he released 23 pages of documents after the filing of suit as exhibit-A

    Plaintiff prays that this court will grant this Motion and order defendant to pay plaintiff the cost of the filing of this suit and any other relief that he may be entitled to.

Respectfully Submitted

*Joe Louie Mendoza*
Joe Louie Mendoza
Reg#05776-010
FCI Herlong
P.O. Box 800
Herlong, Ca 96113

### Certificate of Sevice

I Joe Louie Mendoza, Hereby certify that a true and correct copy of this foregoing instrument has been mailed postage prepaid on this 30 day of October 2006, to the following:

Wyneva Johnson
Assistant United States Attorney
U.S Attorney's Office for the
District of Columbia, Civil Division
555 4th Street, N.W., Room E-4106
Washington, D.C. 20530

*Joe Louie Mendoza*
Joe Louie Mendoza



**U. S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

www.dea.gov

JUL 3 2006

Mr. Joe L. Mendoza
#05776-010
FCI Memphis
P.O. Box 34550
Memphis, TN 38184

Re: *Joe L. Mendoza v. Drug Enforcement Administration,* CA 06-0591
   DEA FOIA Request No. 02-0779-P

Dear Mr. Mendoza:

Enclosed please find portions of 21 pages and two pages in their entirety that are responsive to your Freedom of Information Privacy Act (FOIA/PA) request dated January 28, 2002, to the Drug Enforcement Administration (DEA). The pages are numbered 396 through 418. Pursuant to your request, DEA contacted its South Central Laboratory, and 23 pages of responsive information were located and obtained. Names of DEA laboratory personnel are withheld pursuant to FOIA exemption (b)(7)(C).

Sincerely,

William C. Little, Jr.
Senior Attorney
Administrative Law Section

*Exhibit - A*