UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA



JOE LOUIE MENDOZA,
    Plaintiff,

Vs                            Civil Action No.06-0591(ESH)

DRUG ENFORCEMENT ADMINISTRATION,
    Defendant.

### PLAINTIFF'S OPPOSING MOTION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Comes now Joe Louie Mendoza, <u>Pro Se</u> as his own attorney on behalf of himself <u>sui juris</u> and submits his opposition to defendant's motion for summary judgment.

Plaintiff would first like to take this opportunity to inform this Honorable Court, that plaintiff is not educated in the law or is familiar with the formality of the filing of motions in this type of proceedings. Therefore, plaintiff will ask this Honorable Court not to hold plaintiff to the same standards as expected of attorneys and ask that this Honorable Court give plaintiff's pleadings liberal reading.

Plaintiff would like to inform this Honorable Court that the defendant is still withholding information that plaintiff is entitled to under the Freedom of Information Act/Privacy act.

Through out plaintiff's criminal investigation and proceedings the government presented evidence that twelve drug transactions occurred between investigators and plaintiff. See plaintiff's affidavit and exhibit-A, presentence investigation report at ¶ 5.

That all drug amounts were taken from laboratory reports prepared by the Arkansas State Crime Laboratory or the Drug Enforcement Administration Crime Laboratory. See plaintiff's affidavit and exhibit-A, presentence investigation report at ¶ 6.

On October 8,1998, 1283.1 grams of methamphetamine were found at plaintiff's place of business. See plaintiff's affidavit and exhibit-A, presentence investigation report at ¶ 9.

Defendant has withheld all of these laboratory reports, laboratory analysis, drug enforcement administration forensic chemist worksheets, and laboratory worksheets. See plaintiff's affidavit.

As stated in Little's Decl, ¶ 38 records related to laboratory analysis performed by Drug Enforcement Administration Laboratory are reasonably likely to be found in the Drug Enforcement Administration Laboratory file.

The records maintained by the Drug Enforcement Administration Laboratory are records that were generated as a result of forensic examination which were forwarded by Drug Enforcement Administration personnel in the course of a criminal investigation, or materials forwarded by other law enforcement agencies for forensic analysis Little's Decl, ¶ 39.

According to Little's Decl, ¶ 44(d) there are four Report of Drug Property Collected, Purchased or Seized which are number Pages 27,28,29,30 in the vaughn index. Pages 28,29,30 pretain to information in relation to the 3 DEA Forensic Chemist Worksheets, including back pages and 17 pages of Laboratory Worksheets, see plaintiff's affidavit.

The 3 DEA Forensic Chemist Worksheets, including back pages and 17 pages of Laboratory Worksheets were numbered 396-418. These pages were released after the filing of suit, see plaintiff's affidavit and exhibit-B. The release of these pages was based on that these documents were particurlar to plaintiff for which the release would not interfere with an on going investigation or enforcement procceeding, Little's Decl ¶ 72.

Defendant withheld pages 28,29 30 which are the Report of Drug Property Collected, Purchased or Seized, based on that there is an ongoing criminal investigation. However, pages 28,29,30 are in relation to the evidence and information that was released to plaintiff numbered pages 396-418. According to Little's Decl ¶ 72 the release of these pages was based on that it would not interfere with an ongoing criminal investigation.

Plaintff has included the 3 DEA Report of Drug Property Collected, Purchased or Seized froms that plaintiff obtained from someone else. Defendant has these froms numbered 28,29, 30 in his vaughn index, also included with the 3 DEA Report of Drug Property Collected,Purchased or Seized froms are the 3 DEA Forensic Chemist Worksheets, including back pages as exhibit-C.

So that this court can review these documents to determine whether defendant has properly withheld pages 28,29,30 under exemption (b)(7)(A), or whether these documents could have been released after segregability. The information on the 3 Report of Drug Collected, Purchased or seized could be reasonably segregable as to blocks 9,11,12,14,16,.

Plaintiff will point out that page 27 in defendant's vaughn index pertains to one of the four DEA Report of Drug Collected, Purchased or seized. The information on this page is particular to plaintiff which would not interfere with on going investigation. This evidence was sent to the Drug Enforcement Administration, therefore, there should be a DEA Forensic Chemist Worksheet and Laboratory Worksheets as to this evidence that was documented on the DEA Report of Drug Collected, Purchased or seized from, that defendant has numbered page 27 in his vaughn index. Plaintiff has include a copy of a DEA Report of Drug Collected, Purchased or Seized from that plaintiff obtain from someone else, that pertains to defendant's page 27 in his vaughn index as exhibit-D

Defendant has not released any of the Forensic Chemist Worksheets, or Laboratory Worksheets as to the evidence contain in in the DEA Report of Drug Collected, Purchased or Seized that is numbered page 27 in his vaughn index. See plaintiff's Affidavit.

The information contained on page 27 of the defendant's vaughn index is particular to plaintiff. The release of this information would not interfere with an ongoing investigation.

4

The information on page 27 could have been reasonably segregated for release as to the information on blocks 9,11,12,13,14,14,15,16, 19,25,26,27,28,29,30, 32 33,36, and 39 which would not make it incomprehensible words or phrases.

Defendant has not given any reason as to why he has withheld the DEA Forensic Chemist worksheet and laboratory worksheets, that corresponds with the DEA Report of Drug Collected, Purchased or Seized that is numbered page 27 in defendant's vaughn index. There is no information in the vaughn index, or in Little's Declaration nor in the motion for summary judgment. See plaintiff affidavit, and plaintiff exhibit-D. This exhibit show that the evidence was sent to the Drug Enforcement Administration Crime Laboratory in Dallas, therefore, there show be some DEA Forensic Worksheet and Laboratory Worksheets.

Defendant claim that according to Little's Decl at ¶ 107 that pages 395-418 were released to plaintiff, however, page 395 was never released to plaintiff. See exhibit-B which shows that only pages 396-418 were released to plaintiff also see plaintiff's affidavit.

Defendant released page 78 in part and withheld the information that was titled Description and Custody of Evidence. This information could have been reasonably segregated the majority of the information pertains to plaintiff's property. Pages 79,80 could have been released to plaintiff again the majority of the information pertains to plaintiff and could have been reasonably segregated which would not have made it incomprehensible words and phrases.

5

Plaintiff is providing page 78 as it was released by the defendant which is page 2 of 5 of the Report of Investigation, and represents page 78 in the vaughn index as exhibit-E.

Plaintiff is also providing this court with an additional copy of page 2 of 5 of the report of Investigation, that plaintiff obtain else where, and pages 3,4, of 5 of the Report of Investigation as exhibit-F. So that this court can review and compare page 78 that was released by the defendant to the copy that plaintiff received from someone else.

Plaintiff would also like to ask this court to determine the segregability of page 79,80 in the vaughn index that defendant withheld by reviewing exhibit-E, which are copy of the page that are represented as page 79,80 in the vaughn index.

Defendant is not entitled to withheld an entire document if only portions contain exempt information, See <u>Patterson Vs. IRS</u> 56 F 3d 832, 840 (7th Cir 1995). See <u>Wightman Vs. ATF</u> 755 F 2d 979, 983 (1st Cir 1985), holding that detailed "process of segregation" is not unreasonable for small amount of pages as would be the case with plaintiff request. Also the statutory scheme does not permit a bare claim of confidentiality to immunize agency records from scrutiny in their entireties <u>Bristol-Myers Co. Vs FTC</u> 424 F2d 935, 938 (DC Cir 1970). See also <u>FOIA Update</u>, Vol. XIV, No. 3, at 11-12 ("OIP Guidance: The 'Reasonable Segregation' Obligation" (citing e.g, <u>Schiller VS NLRB</u>, 964 F 2d 1205 (DC Cir 1992))).

Plaintiff would like to also request this court for an in camera insection, so that it can make a determination as to the reasonable segregation.

Defendant has claimed that 5 USC § 552a(j)(2), has been properly applied, but in defendant's vaughn index none of the pages that were withheld were withheld under the 5 USC § 552a(j)(2) exemption. All the pages in the vaughn index were withheld under a Freedom of Information Act exemption. A review of defendant's vaughn index will show that no pages were withheld under the 5 USC § 552a(j)(2) exemption.

Freedom of Information Act exemptions do not provide grounds to withhold materials available under Privacy Act (5 USC § 552a), Irons Vs. Bell 596 F.2d 468(1979, CA1 Mass),Media LR 2465. In combined claim under both Freedom of Information Act (5 USC 552) and Privacy Act (5 USC 552a), plaintiff is entitled to cumulative result of materials provided by both statutes, and court must determine whether requested information may be disclosable under one or the other, Fagot Vs Federal Deposit Ins. Corp. 584 F Supp 1168 (D.C. Puerto Rico. Effect of Privacy Act (5 USC § 552a) is to preclude disclosure of some information exempt from mandatory disclosure under the Freedom of Information (5 USC § 552) except under specified circumstances, and thus to remove agency's discretion to disclose such information when not compelled by Freedom of Information Act; proper Privavy Act analysis utilizes standards developed under Freedom of Information Act in determining whether disclosure is mandatory or whether infor mation is exempt. Andrews Vs Veterans Admin., 613 F Supp 1404(1985, DC Wyo), revd on other grounds (1988, CA10 Wyo)838 F 2d 418, 3 BNA IER Cas 1274, cert den (1988) 488 US 817, 102 35, 109 S Ct 56, 3 BNA IER Cas 1344. Also see Shapiro Vs Drug Enforcement Admin. 762 F2d 611(7th Cir 1985).

7

Defendant has withheld Pages 326-333 in part on exemption 552(b)(7)(A), however, these pages are particular to plaintiff and because he has been convicted as to the information that is contained in these documents it is highly unlikely to interfere with an ongoing investigation or enforcement proceeding. Congressional purpose in enacting Exemption 7(A) of Freedom of Information Act in 1974 (5 USC 552(b)(7)(A)) was to place burden on agency claiming a 7(A) exemption to prove to court by appropriate means, including in camera inspection, that claim of exemption was well-founded. <u>Marathon Le Tourneau Co. Vs NLRB</u> 414 F Supp 1014 (1976, SD Miss), 92 BNA LRRM 2944, 80 CCH LC ¶ 11927.

Therefore, plaintiff will ask this Honorable Court not to grant defendant's motion for summary judgment because there is still a genuine issue that needs to be resolved. Plaintiff will again inform this Honorable Court that because he is not educated in the law and because he is not familiar with these type of proceedings, not to hold him to the same standards as expected of an attorney, and that this Honorable Court not dismiss plaintiff suit without further hearings.

Date: October 30, 2006

Respectfully submitted

*/s/ Joe Louie Mendoza*
Joe Louie Mendoza
Reg#05776-010
P.O. Box 800
Herlong, Ca 96113

I Joe Louie Mendoza, hereby declare under penalty of perjury that the foregoing **Opposing motion** on defendant's motion for summary judgment and cause thereof are true and correct, except as to matters stated on my own belief, and as to those matters I believe them to be true and correct.

*Joe Louie Mendoza*
Joe Louie Mendoza

### Certificate of Service

I Joe Louie Mendoza, hereby certify that a true and correct copy of this foregoing **Opposing Motion** on defendant's motion for summary judgment has been mailed postage prepaid on this 30 day of October 2006, to the following:

Wyneva Johnson
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia, Civil Division
555 4th Street, N.W., Room E-4106
Washington, D.C. 20530

*Joe Louie Mendoza*
Joe Louie Mendoza