# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Lassen_ } ss.

On _October 27, 2006_, before me, _C Kosub notary public_,
<sub>Date</sub>                                    <sub>Name and Title of Officer (e.g., "Jane Doe, Notary Public")</sub>

personally appeared _Joe Louie Mendoza_,
                                    <sub>Name(s) of Signer(s)</sub>

_____

☐ personally known to me

☒ proved to me on the basis of satisfactory evidence
to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the
entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal.

_C Kosub, notary public_
                                    <sub>Signature of Notary Public</sub>

**C. KOSUB**
Commission # 1619810
Notary Public - California
Lassen County
My Comm. Expires Nov 4, 2009

Place Notary Seal Above

─────────────── **OPTIONAL** ───────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document
and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: _Affidavit_

Document Date: _October 27, 2006_                    Number of Pages: _2_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _Joe Louie Mendoza_
☒ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _Self_

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

### AFFIDAVIT OF JOE LOUIE MENDOZA

The States of California

County of _____

    I Joe Louie Mendoza being duly sworn, deposes and says that I have personal knowledge of the matters that I have stated in affidavit and they are true and correct.

1. The United State Government stated that I was directly involved in the delivery of a controlled substance on twelve separate occasions to investigators or to a CI.

2. On October 8, 1998, after executing a search warrant investigators confiscated about 1283.1 grams of a controlled substance at my place of business.

3. I was informed by the government that all drug amounts involved in my case(s) had been sent to a state laboratory or a federal laboratory for laboratory analysis, and the ones sent to the state laboratory had been forwarded to the federal laboratory.

4. I requested copies of the laboratory reports, laboratory analysis from the Drug Enforcement Administration Crime Laboratory in Dallas, Texas. In this request I ask to be provided with copies of all laboratory reports pertaining to my case(s).

5. I never received any laboratory reports or laboratory analysis from the Drug Enforcement Administration, or Crime Laboratory, as to the controlled substance that was involved in the twelve transactions between investigators, CI and myself, nor the controlled substance that was confiscated from my place of business on October 8, 1998.

6. During the course of my court proceedings I obtain four DEA Report of Drug Collected, Purchased or Seized froms. These four from are the same or copies of the four DEA Report of Drug Collected, Purchased or Seized from that Little identified in his declaration at ¶ 44(d). I was able to identify the four DEA Report of Drug Collected, Purchased or Seized froms that I had obtained else where to the ones identified in the vaughn index number pages 27, 28, 29, 30 which were withheld by matching the dates.

Page one of two

# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs | ) | **PRESENTENCE INVESTIGATION REPORT** |
| | ) | |
| JOE L. MENDOZA | ) | Docket No. **5:99CR50015-001** |

---

**Prepared for:**    The Honorable H. Franklin Waters
Senior U.S. District Judge

**Prepared by:**    John C. Mooney, Jr.
U.S. Probation Officer-In-Charge
El Dorado, AR 71730
870/862-1347

**Assistant U.S. Attorney**                  **Defense Counsel**
Charles E. Smith                       J. Eric Hagler                Joel O. Huggins
P.O. Box 1524                          P.O. Box 2086                 401 West Emma Ave.
Fort Smith, AR 72902                   Bentonville, AR 72712         Springdale, AR 72764
501/783-5125                           501/273-3111                  501/756-2284

**Offense:**    Count 1:    Possession With Intent to Distribute Methamphetamine
21 U.S.C. § 841(a)(1)
NLT 10 Yrs., NMT Life / $4,000,000 Fine / NMT 5 Yrs. SR /
$100 S.A.
(Class A Felony)

**Release Status:**    Detained since January 20, 1999
**Detainers:**    None
**Codefendants:**    None
**Related Cases:**    Marty Martin, Dkt. No. 5:99CR50009-001
Francisco Silva-Cintora, Dkt. No. 5:98CR50029-001
Thomas Hornbecker, Dkt. No. 5:99CR50010-001

**Report Prepared:**    June 9, 1999
**Report Revised:**    July 29, 1999

*Exhibit-A*

**Identifying Data:**

| | |
|---|---|
| **Date of Birth:** | June 21, 1964 |
| **Age:** | 34 |
| **Race:** | White-Hispanic |
| **Sex:** | Male |
| | |
| **S.S. #:** | 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 |
| **FBI #:** | 307136DA8 |
| **USM #:** | 05776-010 |
| **Other ID #:** | None |
| | |
| **Education:** | High School graduate |
| **Dependents:** | Three children under age thirteen |
| **Citizenship:** | United States |
| **POB:** | Orange County California |
| | |
| **Legal Address:** | 1910 South "K" Street<br>Rogers, AR 72756 |
| | |
| **Mailing Address:** | Sebastian County Jail<br>800 South A St.<br>Fort Smith, AR 72901 |
| | |
| **Aliases:** | Mendoza, Jose Louie<br>Mendoza, Joe Louie<br>Mendoza, Jose Louis<br>Mendoza, Joe Louis<br>Mendoza, Joe Luis<br>Mendoza, Joe |

1

## PART A. THE OFFENSE

### Charge(s) and Conviction(s)

1.     Joe L. Mendoza is the subject of a one-Count Information filed by the U.S. Attorney's Office charging on or about October 8, 1998, the defendant possessed with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21 United States Code (U.S.C.) § 841(a)(1).

2.     On April 5, 1999, Mr. Mendoza was arraigned on the aforementioned Information. As a part of a Plea Agreement, on that same date Mr. Mendoza waived his right to Indictment, and entered a plea of guilty to the Information. The written Plea Agreement was filed with the Court. The Government agrees to move for dismissal of the Superseding Indictment in case number 5:98CR50029-002, once the Court has pronounced sentence on the Information.

3.     Mr. Mendoza has been in custody since his arrest on January 20, 1999.

### The Offense Conduct

4.     The Arkansas State Police, along with the Nineteenth Judicial District Drug Task Force, and the Drug Enforcement Administration conducted a joint undercover narcotics investigation, beginning in early 1997. This Northwest Arkansas investigation titled by investigators "Operation Daycare" developed the defendant as a suspected trafficker of methamphetamine. Investigators titled a portion of this ongoing investigation the "Jose Luis Mendoza Methamphetamine Distribution Organization." A review of investigative reports reveals that interviews with other defendants in related cases and taped telephonic communications developed at least eighteen separate individuals who were named as a part of this investigation. Defendant Mendoza was named as the supplier for several defendants in related cases.

5.     During the course of this large scale operation, Mr. Mendoza sold methamphetamine to investigators on twelve separate occasions from August of 1997, until May of 1998. Many of these transactions were recorded on micro-cassette. The methamphetamine in these transactions totaled 811.036 grams. Investigators used a total of $33,100 in "buy money" to finance the illegal transactions.

6.     The following is a list by dates of the individual drug transactions between investigators and defendant Mendoza. The initials of the agency providing the "buy money" in each individual transaction are noted. All drug amounts were taken from lab reports prepared by the Arkansas State Crime Laboratory or the Drug Enforcement Administration Crime Laboratory.

2

7.

| Date | Buy Money / Agency | | Methamphetamine Purchased |
|------|--------|--------|----------------|
| 08/11/97 | $ 650 | DTF | 11.777 grams |
| 08/13/97 | 1,300 | DTF | 27.304 grams |
| 08/18/97 | 650 | DTF | 13.257 grams |
| 08/27/97 | 1,350 | DTF | 25.986 grams |
| 10/22/97 | 1,200 | ASP | 27.155 grams |
| 10/23/97 | 4,500 | DTF | 109.400 grams |
| 10/28/97 | 8,000 | ASP | 220.300 grams |
| 11/26/97 | 4,500 | ASP | 110.000 grams |
| 12/22/97 | 3,500 | ASP | 82.312 grams |
| 01/21/98 | 2,400 | ASP | 54.824 grams |
| 04/02/98 | 3,300 | DTF | 83.121 grams |
| 05/15/98 | 1,750 | DEA | 45.600 grams |
| Totals: | $33,100 | | 811.036 grams |

8. On July 27, 1998 several undercover officers were providing surveillance when Mr. Mendoza conducted a drug transaction with Marty Martin. Mr. Martin was arrested after the transaction and 207.1 grams of methamphetamine were confiscated.

9. The previously listed transactions, along with taped telephone conversations and other information developed during the course of the investigation, led investigators to request and receive a search warrant for the premises of Mr. Mendoza's place of business, "LC Customs" located at 1061 Butterfield Coach Road, Springdale, Arkansas. The search of the business on October 8, 1998, netted investigators one 45 caliber semi-automatic handgun, a set of digital scales, and 1,283.1 grams of methamphetamine. The charges in the Information to which defendant Mendoza has entered a plea of guilty stem from this search by officers.

10. On January 20, 1999 at the time of Mr. Mendoza's arrest on federal charges, a search warrant was executed at Mr. Mendoza's residence. During the search of 1910 South "K" Street, Rogers, Arkansas, investigators confiscated (in part) .40 grams of methamphetamine, several used syringes, two semi-automatic handguns with laser sights, five semi-automatic rifles and two additional long guns.

11. Special Agent Sal Scalia conducted an interview with codefendant Thomas Hornbecker on March 5, 1999. Mr. Hornbecker described in detail how he was introduced to defendant Mendoza by Cecilia McClintock, and recruited to sell methamphetamine. He also described acts of physical violence and threats made at gunpoint by Mr. Mendoza, in an effort to collect payment and enforce his will on Mr. Hornbecker.

12. During the total relevant conduct of this ongoing investigation, officers purchased or confiscated 2,301.63 grams of methamphetamine from the defendant.

3

### Victim Impact

13.    The victims, as in all drug cases, are the citizens of the United States.

### Adjustment for Obstruction of Justice

14.    The probation officer has no information to suggest that the defendant impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

15.    Defendant Mendoza has demonstrated an affirmative recognition and personal acceptance of his responsibility in this case.

### Offense Level Computation

16.    The November 1, 1998 Edition of the Guidelines Manual has been used in this case, pursuant to United States Sentencing Guideline (U.S.S.G.), 1B1.11.

17.    Base Offense Level: The guideline for a 21 U.S.C. § 841(a)(1) offense is found in U.S.S.G. 2D1.1. This section subsequently refers to the drug quantity tables found in section (c) of the guidelines. Pursuant to U.S.S.G. 2D1.1(c)(3), if the offense involved at least 1.5 kilograms but less than 5 kilograms of methamphetamine, the base offense level is 34.

    34

18.    Specific Offense Characteristic: No specific offense characteristics apply in this case.   0

19.    Victim Related Adjustment: No victim related adjustments apply in this case.    0

20.    Adjustment for Role in the Offense: Pursuant to 3B1.1(a) if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by four levels.    4

21.    Adjustment for Obstruction of Justice: No adjustment for obstruction of justice applies in this case.    0

22.    **Adjusted Offense Level (Subtotal):**    **38**

23.    Adjustment for Acceptance of Responsibility: This defendant has demonstrated a personal acceptance of responsibility for his conduct. Pursuant to the provisions found in 3E1.1(a) & (b) the defendant's offense level is decreased by three points.    - 3

4

24.    <u>Total Offense Level</u>:                                                                <u>35</u>

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

25.    Defendant Mendoza's criminal history was all located in the State of California. The U.S. Probation Office in the Central District of California processed the request for a criminal history check in this case. The records were verified through the California Law Enforcement Telecommunications System (CLETS). This is a statewide automated system which gives prior criminal records information from the California Bureau of Criminal Identification and Information (CCI).

26.    It should be noted that arrest reports are often unavailable. California Municipal Court systems uniformly report that documentation of misdemeanor convictions are retained for a maximum of ten years, and traffic misdemeanor violations for five years.

27.    Furthermore, attorney representation could not be determined on many of the following convictions. However, per California State Law, since 1971, persons accused of a felony must have legal representation. Likewise, since 1973, persons accused of a misdemeanor must also have legal representation or intelligently waive such right to the court's satisfaction.

### Juvenile Adjudication(s)

28.    A search of criminal records revealed no juvenile adjudications for the defendant.

### Adult Criminal Conviction(s)

|     | Date of Referral | Charge / Court | Date Sentence Imposed / Dispo. | Guideline / Points |
|-----|-----|-----|-----|-----|
| 29. | 09/16/84 (age 20) | Carrying a Concealed Weapon, Carrying a Loaded Firearm Orange Co. Superior Ct. Dkt. No. 84CM08471 | 10/09/84: 36 mo. Prob. | 4A1.2(e)(3)  0 |

30.    According to CCI, on January 20, 1987 the defendant's probation was modified upon completion of 30 days jail.

5

| | | | | |
|---|---|---|---|---|
| 31. | 06/19/85 (age 20) | Receiving Stolen Property Orange Co. Municipal Ct. Dkt. No. 85CF00951 | 11/05/85: 36 mo. Prob., 30 days jail | 4A1.2(e)(3)  0 |

32.    According to a CCI printout, on January 20, 1987 his probation was terminated upon completion of 30 days jail.

| | | | | |
|---|---|---|---|---|
| 33. | 10/30/86 (age 22) | Sale or Transport of Cntrl. Sub., Cocaine, Poss. of Firearm during Drug Trafficking Crime, Los Angeles Co. Sup. Ct. Dkt. No. A098825 | 11/17/88: 3 Yrs. Prob., 141 days jail | 4A1.1(b)  2 |

34.    Defendant Mendoza and a co-defendant, Michael Whitlock, sold cocaine to undercover investigators.  They were also in possession of an AK47 assault rifle and ammunition at the time of the drug transaction.  Mr. Mendoza was represented by William S. Anguston during the court proceedings.  Mr. Mendoza entered a plea of guilty to the sale of a controlled substance.

| | | | | |
|---|---|---|---|---|
| 35. | 11/27/86 (age 22) | Assault w/ Firearm Orange Co. Mun. Ct. Dkt. No. 86CF02166 | 03/23/87: 36 mo. Prob., 120 days jail | 4A1.1(b)  0 |

36.    This information was provided by a CCI records check.  No additional verification was available for this offense; therefore, no points are assessed to this offense.

| | | | | |
|---|---|---|---|---|
| 37. | 12/14/87 (age 23) | Poss. of Hypo- dermic Needle Orange Co. Mun. Ct. Dkt. No. 87CF02243 | 12/30/87: 12 mo. Prob. 13 days jail | 4A1.1(c)  0 |

6

38. This information was provided by a CCI records check. No additional verification was available for this offense; therefore, no points are assessed to this offense.

39.    03/27/88          Poss. of Narcotics       06/27/88: 36 mo.       4A1.1(b)
       (age 23)          Orange Co. Sup.          Prob.,
                         Ct.                      141 days jail,                2
                         Dkt. No. C68027          $100 fine

40.    Mr. Mendoza was arrested on March 27, 1988 on warrant number (387CF02176). The Information filed on April 15, 1988 charged defendant Mendoza with Possession of a Controlled Substance (Cocaine), on November 20, 1987. Mr. Mendoza was represented by the Public Defender's Office in this case.

41.    12/01/91          Under the                12/13/91: 90 days       4A1.1(b)
       (age 27)          Influence of a           jail
                         Cntrl. Sub.
                         Harbor Co. Mun.
                         Ct.                                                    0
                         Dkt. No.
                         CMH91M13100

42. This information was provided by a CCI records check. No additional verification was available for this offense; therefore, no points are assessed to this offense.

43.    04/15/93          Poss. of Cntrl.          06/22/93: 36 mo.       4A1.1(b)
       (age 28)          Sub.                     Prob.,
                         Orange Co. Mun.          180 days jail                 0
                         Ct.
                         Dkt. No.
                         93CM05660

44. According to CCI, on September 22, 1993, his probation was terminated after completion of 180 days jail. This information was provided by a CCI records check. No additional verification was available for this offense; therefore, no points are assessed to this offense.

45.    04/28/95          Driving on Susp.         06/14/95: 36 mo.       4A1.2
       (age 30)          Lic.                     Prob.,
                         Orange Co. Mun.          $811 fine                     1
                         Ct.
                         Dkt. No.
                         95CS03045

9

Mr. Mendoza's sisters, listed from oldest to youngest, are: Martha Corvino of Buena Park, California, Eliva Lomeli of Riverside, California, Yolanda Solis of Brownsville, Texas and Rosie Hanes of Eliso, California.

64. Mr. Mendoza married Crystal Brooks in Las Vegas, Nevada on March 2, 1996. Two children have been produced by this marriage. Justin, age three, and Jennifer, age eighteen months. Both children reside with the defendant and his wife. Mr. Mendoza also reports a child from a previous relationship, Joseph Mendoza, age twelve, resides with his mother, Erma Cano in California. Joseph lived with the defendant prior to his arrest on the instant offense. Mr. Mendoza reports his continued support of Joseph.

## Physical Condition

65. For identification purposes the defendant is 5'11" tall, weighs 195 pounds, has black hair and brown eyes. Mr. Mendoza has tattoos of "Mardi Gras faces" on his left arm, and a dragon and a woman's face on his right shoulder. He has a scar under his left eye and one on his right side. These scars are reportedly from stab wounds. Mr. Mendoza reports being treated for tuberculosis in 1991 during a prior period of confinement. He reports no additional health concerns.

## Mental and Emotional Health

66. Mr. Mendoza reports no history of mental or emotional disorders.

## Substance Abuse

67. Mr. Mendoza describes himself as an addict. He indicates that his addiction to heroin dates to 1985. He also reports regular use of methamphetamine, cocaine, and crack cocaine. He reports the social use of alcohol. Mr. Mendoza states that he tried marijuana, acid and PCP, but he did not like any of them. Mr. Mendoza reports his participation in two drug treatment programs. He feels the two programs were insignificant in duration to adequately address his high level of addiction. Mr. Mendoza feels that he did benefit from these programs to the extent he was led to understand his status as an addict; however, follow-up treatment was not available, resulting in his relapse into addiction.

## Educational and Vocational Skills

68. Mr. Mendoza reports that he graduated from Santa Ana High School of Santa Ana, California in 1983. During his high school years he concentrated on vocational training, auto mechanics, and auto body and paint. According to Mr. Mendoza he also attended General Motors schools for updates on standards in 1984, 1988 and 1997. He holds GM credentials to perform auto body and paint, and holds an ASE diploma.

10

### Employment Record

69.  Mr. Mendoza was self-employed as owner / operator of "L.C. Customs" of Springdale, Arkansas from August of 1998 until his recent arrest on the instant offense. L.C. Customs was an auto paint and body shop. He reported a gross income of $20,000 from August of 1998 until the time of his arrest.

70.  It has been verified that defendant Mendoza was employed at Best Motor Company of Rogers, Arkansas from September 4, 1997 until July 8, 1998. The personnel department would not provide a reason for termination, but indicated he would not be eligible for re-hire. Tax statements provided by the defendant indicate he earned $15,851.09 during the tax year 1998. He reports $10,908.62 in earnings at the same company in 1997.

### Financial Condition:  Ability to Pay

71.  Defendant Mendoza reports no source of income since his arrest on the instant offense. He has no property of substantial value and no other assets.

72.  Mr. Mendoza would likely not be able to pay a Court ordered fine immediately. The Federal Bureau of Prisons has a voluntary Inmate Financial Responsibility Program. If the defendant is employed in this program, it is felt he will have the ability to begin making payments toward a fine while in prison.

## PART D.  SENTENCING OPTIONS

### Custody

73.  Statutory Provisions: The minimum term of imprisonment in this case is ten years, while the maximum term of life can be imposed pursuant to 21 U.S.C. § 841(b)(1)(A).

74.  Guideline Provisions: Based on a total offense level of 35 and a criminal history category of V, the guideline range of imprisonment is 262 to 327 months.

### Impact of Plea Agreement

75.  The plea agreement in this case limits the defendant's exposure to one count of conviction. Although the count of conviction has a maximum exposure of life imprisonment, the additional counts could enhance the guideline range and / or increase the monetary penalties if convicted.

### Supervised Release

76. Statutory Provisions: If a term of imprisonment is imposed, the Court shall impose a term of supervised release of at least five years, pursuant to 21 U.S.C. § 841(b)(1)(A).

77. As a mandatory condition of supervised release, the defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within fifteen (15) days at the onset of supervised release, and submit at least two (2) periodic drug tests thereafter, for use of a controlled substance, pursuant to 18 U.S.C. § 3583(d). This condition may be waived by the Court if reliable information indicates a low risk of future substance abuse by the defendant.

78. Guideline Provisions: The term of supervised release applicable in this case is five years pursuant to 5D1.2(b).

### Probation

79. Statutory Provisions: Probation is not authorized for an offender convicted of a Class A felony pursuant to 18 U.S.C. § 3561(a)(1) and (2).

80. Guideline Provisions: Pursuant to U.S.S.G. 5B1.1(b)(1), the guidelines do not authorize a term of probation for a defendant convicted of a Class A Felony.

### Fines

81. Statutory Provisions: The maximum fine is $4,000,000 for the count of conviction, pursuant to 21 U.S.C. § 841(b)(1)(A).

82. Pursuant to 18 U.S.C. § 3013(a)(2)(A), a Special Assessment of $100 is mandatory.

83. Guideline Provisions: The guideline fine range for this offense is $20,000 to $4,000,000 as provided in 5E1.2(c).

84. In determining the amount of the fine, the Court shall consider numerous factors, pursuant to U.S.S.G. 5E1.2(d). These factors include the costs to the Government of any imprisonment, probation, or supervised release, pursuant to U.S.S.G. 5E1.2(d)(7). The most recent advisory from the Administrative Office of the U.S. Courts dated April 12, 1999, suggests that a monthly cost of $1,826.99 be used for imprisonment; a monthly cost of $253.29 for supervision; and a monthly cost of $1,326.78 for community confinement.

### Restitution

85. Restitution is not an issue in this case.

12

### Denial of Federal Benefits

86. Statutory Provisions: Pursuant to 21 U.S.C. § 862(a)(1)(A), any individual who is convicted of any Federal or State offense consisting of the distribution of a controlled substance shall at the discretion of the Court, upon the first conviction, be ineligible for any or all Federal benefits, for up to five years after such conviction.

87. Guideline Provisions: Pursuant to U.S.S.G. 5F1.6, the Court may deny the eligibility for certain Federal benefits to any individual convicted of distribution or possession of a controlled substance.

## PART E.  FACTORS THAT MAY WARRANT DEPARTURE

88. The Court may wish to consider the adequacy of the Criminal History Category as a factor that may warrant a departure pursuant to U.S.S.G. 4A1.3. Additionally, Mr. Mendoza was in possession of nine firearms at the time of his arrest. Although he was not charged with a firearms violation, he was at that time a convicted felon in possession of a firearm.

Respectfully submitted,

John C. Mooney, Jr.
U.S. Probation Officer-In-Charge

JCM:ve



**U. S. Department of Justice**
Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

*www.dea.gov*

JUL 3 2006

Mr. Joe L. Mendoza
#05776-010
FCI Memphis
P.O. Box 34550
Memphis, TN 38184

Re: *Joe L. Mendoza v. Drug Enforcement Administration,* CA 06-0591
    DEA FOIA Request No. 02-0779-P

Dear Mr. Mendoza:

Enclosed please find portions of 21 pages and two pages in their entirety that are responsive to your Freedom of Information Privacy Act (FOIA/PA) request dated January 28, 2002, to the Drug Enforcement Administration (DEA). The pages are numbered 396 through 418. Pursuant to your request, DEA contacted its South Central Laboratory, and 23 pages of responsive information were located and obtained. Names of DEA laboratory personnel are withheld pursuant to FOIA exemption (b)(7)(C).

Sincerely,

William C. Little, Jr.
Senior Attorney
Administrative Law Section

*Exhibit—B*

U.S. Department of Justice
Drug Enforcement Administration

REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED (Check) | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|
| ☐ Purchase  ☒ Seizure  ☐ Free Sample | | | SEP-582 | WNA2L |
| ☐ Lab. Seizure  ☐ Money Flashed  ☐ Compliance Sample (Non-Criminal) | | | | |
| ☐ Internal Body Carry  ☐ Other (Specify) | | | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Rogers, AR | 01-20-99 | MENDOZA, Joe |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | ☐ Case No. OR ☐ Seizure No. No. | 01/21/99 | |

| 9. Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 4 | | Methamphetamine | plastic bag containing one rock of compressed brown powder. | | 25.1 grams | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?  ☐ NO (included above)  ☐ YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:

On 01-20-99, this exhibit was seized by Rogers Police Department (RPD) Detective [redacted] from the front right pants pocket of Joe MENDOZA during the execution of a federal search warrant at 1910 S. "K" Street, Rogers, AR. [redacted] turned this exhibit over to [redacted] at the scene, who processed it in accordance with DEA guidelines and submitted it to the DEA South Central Regional Lab in Dallas, TX.

17. SUBMITTED BY SPECIAL AGENT (Signature)     18. APPROVED BY (Signature & Title)

## LABORATORY EVIDENCE RECEIPT REPORT

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| | Federal Express # 809993030283 | |
| 22. SEAL ☐ Broken  ☒ Unbroken | 23. RECEIVED BY (Signature & Date) [illegible] 1/22/99 | 24. Print or Type NAME and TITLE [illegible] |

## LABORATORY REPORT

25. ANALYSIS SUMMARY AND REMARKS

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| 37. APPROVED BY (Signature & Date) | 38. TITLE | 39. LAB. LOCATION |

DEA Form - 7
(Sept. 1995)

Previous edition dated 4/90 may be used until stock is exhausted.

1 - Prosecution

Exhibit - 8C

FORENSIC CHEMIST WORKSHEET

Drug Enforcement Administration

| 1. RECEIVED From | 2. Date | | |
|---|---|---|---|
| ~~███~~ | 2-19-99 | ☒ Intact ☐ Broken | KY-99-00?9 /4/ 127167 |
| | | | N57054 |

One HSEE containing one pb containing a brown rock-like substance.

5. SUMMARY OF FINDINGS

Exhibit 4 contains Dimethyl Sulfone and d-Methamphetamine HCl

Gwt: 25.4g
Nwt: 0.40g

| 7. EXH. NO. | 8. LAB. NO. | 9. ACTIVE DRUG INGREDIENT | 10. QUANTITATIVE RESULTS | 11. AMT. OF PURE DRUG | 12. RESERVE |
|---|---|---|---|---|---|
| 4 | 127167 | d-Methamphetamine HCl | | | 0.26g |

13. RESERVE EVIDENCE
Placed reserve in a new zb and
Returned evidence in original packaging.

| 14. FORENSIC CHEMIST'S SIGNATURE | 15. DATE REPORTED | 16. REVIEWED BY (Initials) & DATE |
|---|---|---|
| ~~███~~ | 3-5-99 | ~~███~~ |

17. REMARKS:

DEA Form - 86
(Aug. 1987)     All previous editions are OBSOLETE.

39b

Case No.: __KY-97-0069__     Exhibit No.: __4__     Lab No.: __137167__

Date Opened: 3-4-99

Gross Weight: 25.14 g

Net Weight:
$$1.6715 \, g$$
$$- \, 1.26343 \, g \, (pb)$$
$$\overline{0.40813 \, g}$$

Evidence Sampling Procedures: Ground whole exhibit for analysis.

Qualitative:

Morgan < black-neg
        sample-orange          Nitric Pursuide < black-neg
                                                sample-blue

GC/IAD - DMSO2, Meth           GC/MS - d-Meth
(Narrow, area)                  (TFAA,
conditions: 12m, HP-1            conditions: on printout)
    90°C - 260°C
    @ 30°C/min)

                                FTIR
                                ( Acetone - Insol - Meth HCl
                                (  "  - soluble - DMSO2

Quantitation:
    Method #:

    Standard Weight:           N/A
    Date Prepared:

    Sample Weight:             Insufficient
                                Quantity

Reserve Weight:      1.21 g       0.8795 g        Special Programs:   N/A
                  - 1.26343 g     0.6133 g (23)
                  —————————        —————————
                                  0.2662 g

Gross Weight After Analysis:   26.1 g            Date Sealed:   ...

DEA Form
(Aug. 1997)  - 86  (Back)

U.S. GPO:1997-430-15H/6022

397

U.S. Department of Justice
Drug Enforcement Administration

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

| 1. HOW OBTAINED (Check) | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|
| ☐ Purchase  ☒ Seizure  ☐ Free Sample ☐ Lab. Seizure  ☐ Money Flashed  ☐ Compliance Sample (Non-Criminal) ☐ Internal Body Carry  ☐ Other (Specify) | | ▓▓▓▓▓▓▓ | SEP-582 | WNA2L |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| Rogers, AR | 01-20-99 | MENDOZA, Joe |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | ☐ Case No. OR ☐ Seizure No. No. | 01/21/99 | |

| 9. Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 6 | | Methamphetamine | 2 used syringes | | 57 grams | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?  ☐ NO (included above)  ☐ YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:

On 01-20-99, this exhibit was seized by ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓, pursuant to a federal search warrant at 1910 S. "K" Street, Rogers, AR. This exhibit was found in a trash can located in the northwest bedroom. This exhibit was turned over to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at the scene, who processed it in accordance with DEA guideline and submitted it to the DEA South Central Regional Lab in Dallas, TX.

| 17. SUBMITTED BY SPECIAL AGENT | 18. APPROVED BY (Signature & Title) |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓ | ▓▓▓▓▓▓▓▓▓ |

**LABORATORY EVIDENCE RECEIPT REPORT**

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| | Federal Express E 809 ??63023 3 | |

| 22. SEAL | 23. RECEIVED BY (Signature & Date) | 24. Print or Type NAME and TITLE |
|---|---|---|
| ☐ Broken  ☒ Unbroken | V. Reeves  11/22/99 | Drakena Runnels Evidence Tec |

25. ANALYSIS SUMMARY AND REMARKS

**LABORATORY REPORT**

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| | | |

| 37. APPROVED BY (Signature & Date) | 38. TITLE | 39. LAB. LOCATION |
|---|---|---|
| | | |

DEA Form - 7 (Sept. 1995)    Previous edition dated 4/90 may be used until stock is exhausted.  MAR 09 1901  - Prosecution



U.S. Department of Justice
Drug Enforcement Administration

**FORENSIC CHEMIST WORKSHEET**    Page    of

| RECEIVED | | SEALS | | | FILE NO / EXHIBIT NO / LAB NO |
|---|---|---|---|---|---|
| Date 2-19-99 | | ☒ Intact ☐ Broken ☐ None | | | 64-97-0009/6/127169 |
| | | | | | JV51056 |

**1. DESCRIPTION OF EVIDENCE**

One HSE6 containing one "BIOHAZARD" tube containing two ice syringes.

**6. SUMMARY OF FINDINGS**

Exhibit 6 contains Cocaine.

Grs: 57.5g
NW: residue

| 7. EXH. NO. | 8. LAB NO. | 9. ACTIVE DRUG INGREDIENT | 10. QUANTITATIVE RESULTS | 11. AMT OF PURE DRUG | 12. RESERVE |
|---|---|---|---|---|---|
| 6 | 127169 | Cocaine, salt undetined | | | residue |

**13. RESERVE EVIDENCE**

Resealed items in original packaging.

| 1. FORENSIC CHEMIST'S SIGNATURE | 14. DATE REPORTED | 16. REVIEWED BY (INITIALS) & DATE |
|---|---|---|
| | 2-23-99 | |

DEA Form - 86

413



Case No.: _μ γ-97-γ 69_    Exhibit No.: _6_    Lab No.: _1 2 7 1 6 9_

Date Opened: _3-5-97_

Gross Weight: _57.5 g_

Net Weight: _1 residue_

Evidence Sampling Procedures: _Ruined both syringes together for analysis._

Qualitative:

Marquis < _blank - neg_  
           < _sample - neg_

Cobalt Thiocyanate < _blank - neg_  
                    < _sample - neg_

GC/MS — Coc  
(NaOH/H₄)  
(conditions : on print out)

GC/IRD — Coc  
(NaOH/H₄)  
conditions : 12 m, HP-1  
90°C — 260°C  
@ 30°C/min)

Quantitation:

Method #:

Standard Weight:

Date Prepared:

Sample Weight: _N/A_

Reserve Weight: _( residue_

Special Programs: _N/A_

Gross Weight After Analysis: _57.8 g_

Date Sealed: _3-5-97_

DEA Form    – 8b (Back)  
(Aug 1997)

☆ U.S. GPO, 1997-432-126/82223

414

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED (Check) | | | |
|---|---|---|---|
| ☐ Purchase  ☒ Seizure  ☐ Free Sample | | 2a. FILE NO. | 2b. PROGRAM CODE  SEP-582 | 3. G-DEP ID  WNA2L |
| ☐ Lab. Seizure  ☐ Money Flashed  ☐ Compliance Sample (Non-Criminal) | | | |
| ☐ Internal Body Carry  ☐ Other (Specify) | | | |

| 4a. WHERE OBTAINED (City, State/Country)  Rogers, AR | 4b. DATE OBTAINED  01-20-99 | 5. FILE TITLE  MENDOZA, Joe |
|---|---|---|
| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL  ☐ Case No. OR ☐ Seizure No.  No. | |
| | 7. DATE PREPARED  01/21/99 | 8. GROUP NO. |

| 9. Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 5 | | Methamphetamine | 1 silver spoon and 1 used syringe, both with residue | | 71 grams | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?  ☐ NO (included above)  ☐ YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:

On 01-20-99, this exhibit was seized by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ pursuant to a federal search warrant at 1910 S. "K" Street, Rogers, AR.  This exhibit was found in the upper east side cabinet of the northwest bathroom.  This exhibit was turned over to ▮▮▮▮▮▮ at the scene, who processed it in accordance with DEA guidelines and submitted it to the DEA South Central Regional Lab in Dallas, TX.

| 17. SUBMITTED BY SPECIAL ▮▮▮▮▮ | 18. APPROVED BY (Signature & Title) ▮▮▮▮▮ |
|---|---|

## LABORATORY EVIDENCE RECEIPT REPORT

| 19. NO. PACKAGES  1 | 20. RECEIVED FROM (Signature & Date)  _Federal Prison # 80938863833_ | 21. Print or Type NAME and TITLE |
|---|---|---|
| 22. SEAL  ☐ Broken  ☒ Unbroken | 23. RECEIVED BY (Signature & Date)  _X Kunkel  1/22/99_ | 24. Print or Type NAME and TITLE  Cynthia Kunkel Evidence Tech |

## LABORATORY REPORT

25. ANALYSIS SUMMARY AND REMARKS

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| 37. APPROVED BY (Signature & Date) | 38. TITLE | 39. LAB. LOCATION |

U.S. Department of Justice
Drug Enforcement Administration

**FORENSIC CHEMIST WORKSHEET**    Page    of

| 1. RECEIVED | 2. Date | 3. SEALS | 4. FILE NO. / EXHIBIT NO. / LAB. NO. |
|---|---|---|---|
| | 2-19-99 | ☑ Intact ☐ Broken ☐ None | KY-97-0069 / 5.01 127168 |

5.01    L NS70:
5.02    N647.

5. DESCRIPTION OF EVIDENCE

One HSEE containing one silver colored spoon
with a tan residue and one "BIOHAZARD" tube containing
one ice syringes with a residue

6. SUMMARY OF FINDINGS

Exhibit 5.01 contains no controlled substances.
Exhibit 5.02 contains no controlled substances.

5.01                    5.02
Gwt: 72.1g            Gwt: 72.1g
Nwt: residue          Nwt: residue

| 7. EXH. NO. | 8. LAB. NO. | 9. ACTIVE DRUG INGREDIENT | 10. QUANTITATIVE RESULTS | 11. AMT OF PURE DRUG | 12. RESERV |
|---|---|---|---|---|---|
| 5.01 | 127168 | No Controlled substance | | | resid |
| 5.02 | | No Controlled substance | | | resid |

13. RESERVE EVIDENCE

Resealed all items in original packaging.

| 14. FORENSIC CHEMIST (SIGNATURE) | 15. DATE REPORTED | 16. REVIEWED BY (NAME) & DATE |
|---|---|---|
| | 3-4-99 | ms lkh |

17. TITLE

DEA Form - 86
(Aug. 1997)    All previous editions are OBSOLETE

407



Case No: KY-97-0069    Exhibit No: 5    Lab No: 127168

Date Opened: 3-4-99

Gross Weight: 72.19

Net Weight:
5.01 - residue
5.02 - residue

Evidence Sampling Procedures: Removed each w/ meoH for analysis.

Qualitative:
5.01
Marquis <blank - ng  N.P. <blank-ng
       <sample-ng      <sample-ng

GC/MS - Coc
(MeOH/BSA
evolution: on printout)

FTIR - No CDS
(Direct, KBr)

5.02
Marquis <blank - ng  N.P. <blank ng
       <sample- ng       <sample- ng

GC/MS - No CDS
(MeOH/Benzene)

Quantitation:
Method #:
Standard Weight:
Date Prepared:
Sample Weight: N/A

Reserve Weight: 5.01 - residue
               5.02 - residue    Special Programs: N/A

Gross Weight After Analysis: 72.69    Date Sealed: 3-4 99

DEA Form
(Aug. 1997) - 8b (Back)

☆ U.S. GPO: 1997-418-738/82203

408

1 2 2 3 7 1

U.S. Department of Justice
Drug Enforcement Administration

**REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED**

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| ☐ Lab. Seizure  ☒ Purchase  ☐ Seizure  ☐ Free Sample | | | | | | WNA2L |
| ☐ Money Flashed  ☐ Compliance Sample (Non-Criminal) | | | | | | |
| ☐ Internal Body Carry  ☐ Other (Specify) | | | | | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| ROGERS, AR. | 5-6-98 | MENDOZA, Joe |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|---|
| | ☐ Case No. OR  ☐ Seizure No.  No. | | 5-6-98 | |

| 9. Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 1 | | Methamphetamine | 1 plastic bag containing | 47 g | 47 g | $175 |
| | | | a brown powder substance | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ? ☒ NO (included above)    ☐ YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:

On 5-6-98, at approximately 1235 hours, Joe MENDOZA delivered the above described evidence to ▇▇▇▇▇▇ operating in an undercover capacity. The transaction took place at 2319 Roselawn, Rogers, AR. The evidence was seized by ▇▇▇▇▇▇▇▇▇▇▇ and maintained in ▇▇▇ custody and control until its submission to the DEA South Central Laboratory, Dallas, Texas, via registered return receipt mail, per DEA regulations.

| 17. SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇ | ▇▇▇▇▇▇▇▇▇▇ |

**LABORATORY EVIDENCE RECEIPT REPORT**

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| 1 | 526829108 | |
| 22. SEAL  ☐ Broken  ☒ Unbroken | 23. RECEIVED BY (Signature & Date)  Runnels 5/8/98 | 24. Print or Type NAME and TITLE  Brakna Runnels  Evidence Tec |

**LABORATORY REPORT**

25. ANALYSIS SUMMARY AND REMARKS

Ex.1 contains d-Methamphetamine, and Dimethyl Sulfone

Gross Wt: 71.2 g
Net Wt:  45.6 g

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 1 | 122371 | d-Methamphetamine calculated as the HCl | 22 | % | | 10.0 g | 43.9 g |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| 34. ANALYST (Signature)  Lynn Griffin | 35. TITLE  Forensic Chemist | 36. DATE COMPLETED  August 14, 1998 |
|---|---|---|
| 37. APPROVED BY (Signature & Title)  Alan B. Clark | 38. TITLE  Laboratory Director | 39. LAB. LOCATION  Dallas, Texas |

DEA Form
(Sept. 1995) - 7

Previous edition dated 4/90 may be used until stock is exhausted.

1 - Prosecution

*Exhibit-D*

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

*(Continuation)*

| | |
|---|---|
| **1. File No.** KY-97-0069 | **2. G-DEP Ide** |
| **3. File Title** MENDOZA, Joe | |

4.  **Page 2 of 5**

**5. Program Code** SEP-582

**6. Date Prepared** 02-02-99

4.   Upon entry, Jose Luiz MENDOZA was arrested in the front living room of the residence

5.   The following children of the MENDOZA'S were asleep in their bedrooms at the time of the execution:

6.   [REDACTED] and Jose MENDOZA were transported to the Benton County, AR Detention Center by USMS Deputy [REDACTED]

7.   A search was conducted of this residence by the above officers. Inv. [REDACTED] acted as the photographer and TFO [REDACTED] as the evidence custodian. Inv. [REDACTED] photographed each item at its original location and again as it was entered by TFO [REDACTED] onto the search warrant receipt. The items seized during this search are described in detail in the Description and Custody of Evidence portion of this report.

8.   A copy of the search warrant and receipt of the items seized were placed in the jail property of [REDACTED] and Joe MENDOZA at the Benton County AR Detention Center by TFO [REDACTED]

## NON-DRUG EVIDENCE:

**DEA SENSITIVE**
Drug Enforcement Administration
This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.
Previous edition dated 5/80 may be used.

2-SARI (PINK)

78

Exhibit - E

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

*(Continuation)*

| | | |
|---|---|---|
| 1. File No. KY-97-0069 | | 2. G-DEP Identifier |
| 4. Page 2 of 5 | 3. File Title MENDOZA, Joe | |
| 5. Program Code | | |
| | 6. Date Prepared 02-02-99 | |

4.   Upon entry, Jose Luiz MENDOZA was arrested in the front living room of the residence as Crystal MENDOZA was arrested in the master bedroom.  Frederick Charles BROOKS, brother of Crystal MENDOZA, who was visiting the MENDOZA'S, was not arrested.

5.   The following children of the MENDOZA'S were asleep in their bedrooms at the time of the execution: Justin Andrew MENDOZA, 2 years,  Jenifer Leann MENDOZA, 1 year, and Joseph Louie MENDOZA, 7 years. Crystal MENDOZA requested that her three children be kept in the custody of BROOKS, which was allowed.

6.   Crystal and Jose MENDOZA were transported to the Benton County, AR Detention Center by USMS Deputy Stacey Melton.

7.   A search was conducted of this residence by the above officers.  Inv. Baskin acted as the photographer and TFO King as the evidence custodian.  Inv. Baskin photographed each item at its original location and again as it was entered by TFO King onto the search warrant receipt.   The items seized during this search are described in detail in the Description and Custody of Evidence portion of this report.

8.   A copy of the search warrant and receipt of the items seized were placed in the jail property of Crystal and Joe MENDOZA at the Benton County AR Detention Center by TFO King.

## DESCRIPTION AND CUSTODY OF EVIDENCE:

## DRUG EVIDENCE::

Exhibit 4 -   One plastic bag containing one piece of compressed brown powder.  This exhibit was found in the right, front pants pocket of Joe MENDOZA by Det. Cradduck.

Exhibit 5 -   One silver spoon and one syringe, both containing a residue.  These items were found in the upper, east cabinet of the northwest bathroom by TFO McAllister.

Exhibit 6 -   Two used syringes.  These items were found in a trash can located in the northwest bedroom by Inv. Baskin.

As each of these items were found, they were photographed and turned over to TFO King, who transported them to the Fayetteville Resident Office ( FRO), where they were processed in accordance with DEA guidelines and then submitted to the DEA South Regional Laboratory, Dallas, TX.

## NON-DRUG EVIDENCE:

DEA SENSITIVE
Drug Enforcement Administration
This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.

3-Originating Office

Exhibit-F

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION | 1. File No. KY-97-0069 | 2. G-DEP Identifier |
|---|---|---|
| (Continuation) | 3. File Title | |
| 4.          Page  3  of  5 | MENDOZA, Joe | |
| 5. Program Code | 6. Date Prepared 02-02-99 | |

Exhibit N-101 -    One Motorola Cellular phone, with charger and extra battery. Serial # A23GWH6X666. This item was found in the northwest bedroom by TFO McAllister.

Exhibit N-102 -    One First National Bank deposit slip dated 12-07-98, Account # 43820797 for $2,500.00. This item was found inside a filing cabinet located in the northwest bedroom closet by TFO McAllister.

Exhibit N-103 -    One address book and one legal pad, both containing handwritten phone numbers and names. These items were found in the cabinet drawer, north of the dishwasher in the kitchen by SA Caudle.

Exhibit N-104 -    One Realistic 20 Channel scanner, Serial # 2-064409. This item was found in an operational mode in the garage by TFO McAllister.

All of the above items were turned over to TFO King at the scene. TFO King transported these items to the FRO, where they were processed, then mailed to the Little Rock Resident Office (LRRO) Non-Drug Evidence Custodian for storage and safekeeping.

## STATE NON-DRUG EVIDENCE:

State Non-Drug E-1 -    $880 in U.S. Currency. This item was found in the shirt pocket of Joe MENDOZA during his arrest by Det. Cradduck.

State Non-Drug E-2 -    Smith and Wesson, Model 5906, 9mm handgun, Serial # TCW2088, with laser sight. This item was found unloaded under the mattress in the northwest bedroom by Det. Cradduck and Deputy Yarlbaro.

State Non-Drug E-2A -    Sig Sauer, Model P220, 45 cal handgun, Serial # G184334, with laser sight. This item was found unloaded under the mattress in the northwest bedroom by Det. Cradduck and Deputy Yarlbaro.

State Non-Drug E-3 -    Ruger, Model 66, 44 magnum lever action rifle, Serial # 640-07361, with Simmons 3 x 9 scope. This item was found unloaded in the northwest bedroom closet by Det. Cradduck.

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/90 may be used.

3-Originating Office

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION
*(Continuation)*

| | |
|---|---|
| **1. File No.** KY-97-0069 | **2. G-DEP Identifier** ~~_____~~ |
| **3. File Title** MENDOZA, Joe | |

**4.** Page **4** of **5**

**5. Program Code** ~~_____~~

**6. Date Prepared** 02-02-99

| | |
|---|---|
| State Non-Drug E-4 - | Revelation Model 300 H, 12 gauge shotgun, no serial number, unloaded in a soft case. This item was found unloaded in the northwest bedroom closet by Det. Cradduck. |
| State Non-Drug E-5 - | Springfield M-1, 30 cal. Rifle, Serial # 1835075. This item was found unloaded in a soft case in the northwest bedroom closet by Det. Cradduck. |
| State Non-Drug E-6 - | Unknown brand rifle, unknown caliber, Serial # CA1237, with bayonet. This item was found unloaded in a soft case in the northwest bedroom closet by Det. Cradduck. |
| State Non-Drug E-7 - | AK-47 rifle, with two clips, Serial # 26006300. This item was found unloaded in a soft case in the northwest bedroom closet by Det. Cradduck. |
| State Non-Drug E-8 - | Springfield M-14, Serial # 103916. This item was found unloaded in its original box in the garage by Det. Cradduck. |
| State Non-Drug E-9 - | Springfield M-1, .30 cal rifle, Serial # 176424. This item was found unloaded in its original box in the garage by Det. Cradduck. |
| State Non-Drug E-10 - | 1998 Pontiac Transport van, AR vehicle license 129 BYT, VIN # 1GMDU03E6WD154934. This item was found by Det. Cradduck in the driveway of the residence. |
| State Non-Drug E-11 - | 1988 Suzuki Samurai, AR vehicle license 302 CDW, VIN # JS4JC51C8J4220477. This item was found by Det. Cradduck in the driveway of the residence. |

All of the above State Non-Drug Evidence was seized by Det. Cradduck and transported to RPD by Det. Cradduck. These items were stored in the RPD evidence storage facility, where they will remain until needed for court.

## INDEXING:

1. MENDOZA, Jose Luiz - N~~_____~~

2. MENDOZA, Crystal Charlene - N~~_____~~

DEA Form -6a
(Aug. 1994)
1p

**DEA SENSITIVE**
Drug Enforcement Administration

3-Originating Office

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 5/80 may be used.