UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOE L. MENDOZA                           )
                                         )
         Plaintiff                       )
                                         )
    v.                                   )
                                         )   Civil Action No. 06-0591 ESH
DRUG ENFORCEMENT ADMINISTRATION          )
                                         )
         Defendant                       )
_____  )

SUPPLEMENTAL DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. This declaration supplements my declaration, dated July 28, 2006, submitted in support of the *Defendant's Motion For Summary Judgment*, dated July 31, 2006, and is submitted in response to the *Plaintiff's Opposing Motion on Defendant's Motion For Summary Judgment* dated October 30, 2006.

2. In preparing this declaration, I read and am familiar with the Complaint in the above entitled action, the Drug Enforcement Administration records that relate to the processing of the plaintiff's Freedom of Information Act request that is the subject of the above titled civil action, and the *Plaintiff's Opposing Motion on Defendant's Motion For Summary Judgment*.

1

3. In the plaintiff's opposition he provides, Exhibits A, B, C, D, E and F. These documents were not attached to the plaintiff's initial requests or his appeal to the Department of Justice, Office of Information and Privacy, nor were the documents released by DEA, pursuant to the FOI/PA.

4. The plaintiff complains that DEA wrongfully withheld information related to the testing of one (1) of four (4) substances described in a DEA Report of Drug Property Seized, DEA Form-7. Only three (3) of the plaintiff's exhibits correspond to the four (4) DEA 7s withheld that were identified during the course of the DEA search and deemed responsive to the plaintiff's FOI/PA request.

5. Although the plaintiff has an additional report, attached to his opposition as Exhibit D, that report was not located during the search of the DEA investigative case file related to the plaintiff. The reason the report was not located is that, merely because information is memorialized on a DEA 7, the information is not necessary located in a DEA investigative case file or could not be located base upon the information provided by the plaintiff in his initial request.

6. In this case, the record submitted as plaintiff's Exhibit D was not located during the search of the investigative case file in which the plaintiff is mentioned. It cannot be determined because the file number has been redacted whether the original is contained in a DEA investigative case file or whether the exhibit was submitted by DEA or another Federal, state or local law enforcement agency.

7. Unlike the other DEA 7s, plaintiff's Exhibit D does not contain a Program Code, in Block 25, similar to other 7as contained in the DEA investigative case file in which the plaintiff is

2

mentioned, and the File No., in Block 2a, has been redacted. It appears that the record is one that is not maintained in a DEA investigative case file and DEA is unable to locate the document based upon the information contained on the document.

8. DEA records indicate that portions of page 395 was released to the plaintiff by letter dated April 22, 2002. A second copy was forwarded to the plaintiff by letter dated November 17, 2006. DEA continues to withhold information pursuant to FOIA Exemptions (b)(2), (b)(7)(C) and (b)(7)(D). A copy of the DEA letter is attached as Exhibit A to this supplemental declaration.

I declare under the penalty of perjury that the foregoing is true and correct.

Dec 1, 2006
DATE

William C. Little, Jr., Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537

3