## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JOE LOUIE MENDOZA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-0591 (ESH)** |
| | ) | |
| **DRUG ENFORCEMENT** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff filed this *pro se* action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, appealing the disposition of his records requests by the Drug Enforcement Administration ("DEA"). Plaintiff also asserts a claim under the Privacy Act, 5 U.S.C. § 552a. Defendant has filed a motion for summary judgment, and plaintiff has filed an opposition to the motion. For the following reasons, the Court will grant defendant's motion.

### I.  BACKGROUND

On January 28, 2002, plaintiff submitted a FOIA request to DEA's South Central Laboratory in Dallas, Texas for all records concerning himself, including (1) all reports of the chemical composition of any and all substances that were obtained by DEA for analysis; (2) investigatory reports; (3) reports of evidentiary and/or scientific findings; and (4) any and all information, data, and reports not otherwise exempted from disclosure by statute. (Compl. at 2; Decl. of William C. Little, Jr. ¶ 11.) DEA's search yielded 418 pages of responsive records. (*Id.*

1

¶ 43.) DEA released 31 pages of these records to plaintiff, including portions of 29 pages and 2 pages in their entirety. (*Id.*) The agency withheld 387 pages in their entirety pursuant to FOIA Exemptions 2, 3, 7(A), 7(C), 7(D), and 7(F), and Privacy Act Exemption (j)(2). (*Id.*)

On May 22, 2002, plaintiff appealed DEA's determination to the Office of Information and Privacy ("OIP"). (*Id.* ¶ 17.) OIP informed plaintiff on August 10, 2004, that it would release two pages withheld by DEA, but it would otherwise affirm DEA's withholding of records under the FOIA exemptions. (*Id.* ¶ 19.) The two additional pages were sent to plaintiff on September 7, 2004. (*Id.* ¶ 20.)

Plaintiff submitted another FOIA request on July 24, 2002, to the DEA's Fayetteville, Arkansas office. (*Id.* ¶ 21; Compl. at 2.) Plaintiff requested arrest and search warrants and accompanying affidavits, affidavits for a wiretap, a copy of the court order authorizing the wiretap, an investigative report prepared by a DEA agent regarding a co-defendant, a report of an interview with Crystal Mendoza, any statements of persons arrested or interviewed in relation to plaintiff's criminal case or related offenses, investigative reports, evidentiary and scientific findings, and transcripts of all recorded telephone calls. (Decl. of William C. Little, Jr. ¶ 21.) On July 31, 2003, DEA responded to plaintiff's request and stated that some of the requested documents were not in the possession of the DEA or were provided to plaintiff in response to his prior FOIA request. (*Id.* ¶ 28.) After plaintiff filed this cause of action, DEA released additional records located at the South Central Laboratory. (*Id.* ¶¶ 31-32.) On July 3, 2006, DEA sent to plaintiff two pages in their entirety and portions of 21 pages, citing Exemption 7(C). (*Id.* ¶ 32.)

## II. STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate

if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56(c).  Material facts are those that "might affect the outcome of the suit under the

governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking

summary judgment bears the initial burden of demonstrating the absence of a genuine issue of

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

    In considering whether there is a triable issue of fact, the Court must draw all reasonable

inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at 255.  The party opposing a

motion for summary judgment, however, "may not rest upon the mere allegations or denials of

the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine

issue for trial."  Fed. R. Civ. P. 56(e).  The non-moving party must do more than simply "show

that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd.

v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  Moreover, "any factual assertions in the

movant's affidavits will be accepted as being true unless [the opposing party] submits his own

affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d

453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

    In a FOIA case, the Court may award summary judgment solely on the basis of

information provided by the department or agency in affidavits or declarations when the

affidavits or declarations describe "the documents and the justifications for nondisclosure with

reasonably specific detail, demonstrate that the information withheld logically falls within the

claimed exemption, and are not controverted by either contrary evidence in the record nor by

evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir.

1981).  An agency must demonstrate that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly [or partially] exempt from the Act's inspection requirements."  *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (citation and quotation omitted).

### III.  ANALYSIS

#### A.  Adequacy of the Agency Search

To obtain summary judgment on the issue of the adequacy of the search for records under FOIA, an agency must show "viewing the facts in the light most favorable to the requester, that . . . [it] 'has conducted a search reasonably calculated to uncover all relevant documents.'" *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 552 (D.C.Cir. 1994) (quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C.Cir. 1984)).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C.Cir. 1982).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA.  *Id.* at 127.  The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested."  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C.Cir. 1990).  In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness.  *Id.*

Plaintiff's FOIA requests were for DEA's investigative and laboratory records pertaining to him.  (Decl. of William C. Little, Jr. ¶ 33.)  According to the declaration provided by DEA, the criminal investigative records responsive to Plaintiff's FOIA request were likely to be found in

4

the DEA's Investigative Reporting and Filing System ("IRFS"). (*Id.* ¶ 34.) The IRFS contains

all investigative reports and files compiled for law enforcement purposes. (*Id.*) The IRFS is

accessed through the DEA Narcotics and Dangerous Drug Information System ("NADDIS").

(*Id.* ¶ 36.) Individuals are indexed and identified in NADDIS by name, social security number,

and/or date of birth. (*Id.* ¶ 37.) In this case, a NADDIS inquiry was conducted in response to

plaintiff's requests for information about himself and his criminal case. (*Id.* ¶ 41.)

The agency's declaration also states that records related to laboratory analyses are

reasonably likely to be located in DEA Laboratory Case Files. (*Id.* ¶ 38.) The records

maintained by DEA laboratories are the results of forensic examinations in DEA criminal

investigations and materials forwarded by other law enforcement agencies for analysis. (*Id.*

¶ 39.) The laboratory case files contain documents related to evidence analysis, disposition

records, chemist worksheets, and ballistic reports. (*Id.* ¶ 40.) As a result of the search of its

records systems and the laboratory case files, the DEA located 395 pages of documents that

referred to plaintiff. (*Id.* ¶ 42.)

Plaintiff does not challenge the adequacy of DEA's search. Moreover, it is apparent from

the declaration submitted by the agency representative that DEA has made a "good faith effort to

conduct a search for the requested records [within the central files], using methods which

reasonably can be expected to produce the information requested." *Moore v. Aspin*, 916 F. Supp.

32, 35 (D.D.C. 1996) (citing *Oglesby*, 920 F.2d at 68). No more is required. Therefore,

defendant's search for plaintiff's requested records was adequate to fulfill defendant's

obligations under FOIA.

The Court will next review whether defendant properly claimed that certain records were

exempt from disclosure under the statute.

### B.  Exemption 2

Exemption 2 protects materials that are "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  This exemption protects two types of materials, those involving internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest" ("low 2"), and internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations ("high 2"). *Dep't of the Air Force v. Rose*, 425 U.S. 352, 369-70 (1976); *Schiller v. NLRB*, 964 F.2d 1205, 1206 (D.C.Cir. 1992).

Under this exemption, the DEA refused to disclose "violator identifiers" called G-DEP codes, NADDIS numbers, and confidential informant numbers.  (Decl. of Williams C. Little, Jr. ¶ 64.)  G-DEP codes indicate the classification of the violator, the types and amounts of drugs involved in a case, the priority of the investigation, and the suspected location and scope of criminal activity.  (*Id.* ¶ 64(a).)  NADDIS numbers are assigned to violators of the drug laws and suspected violators.  (*Id.* ¶ 64(b).)  Informant identifier codes are used instead of names for cooperating individuals and appear in DEA reports and internal documents.  (*Id.* ¶ 64(c).)

These codes and numbers are part of DEA's internal system of identifying information, the disclosure of which would help identify the priority given to particular investigations and the types of criminal activities involved, and would potentially thwart DEA's investigations.  (*Id.* ¶ 65.)  For this reason, having reviewed DEA's declaration, the Court finds that there is not a public interest sufficient to override the agency's appropriate interest in maintaining the secrecy of these internal procedures.  This internal agency information was properly withheld from

plaintiff.

### C.  Exemption 3

Exemption 3 of the FOIA covers records that are "specifically exempted from disclosure by statute . . .  provided that such statute (A) requires [withholding] in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3); *see also Senate of the Commonwealth of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).  Defendant asserts this exemption for records obtained from a court-approved wiretap.  (Decl. of William C. Little, Jr. ¶ 67.)

The wiretap statute, 18 U.S.C. § 2510 *et seq.*, explicitly prohibits disclosure of the contents of any wire, oral or electronic communication intercepted through a wiretap.  *See* 18 U.S.C. § 2511(1)(e).  Information obtained from an authorized wiretap, therefore, is exempt from disclosure under the FOIA.  *Smith v. United States*, 251 F.3d 1047, 1048-49 (D.C.Cir. 2001); *Cottone v. Reno*, 193 F.3d 550, 553 (D.C.Cir. 1999).

### D.  Exemption 7(A)

Defendant also cites Exemption 7(A) as a basis for withholding certain records pertaining to DEA's investigation of plaintiff.  (Decl. of William C. Little, Jr. ¶ 70.)  That exemption shields from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such records could . . . interfere with enforcement proceedings."  5 U.S.C. § 552(b)(7)(A).  For the exemption to apply, the agency is required to show only that disclosure of records would interfere with a "concrete prospective law enforcement proceeding."  *Carson v. U.S. Dep't of Justice*, 631 F.2d 1008, 1018 (D.C. Cir. 1980).  Exemption 7(A) is properly applied to criminal investigative files of an ongoing criminal

investigation. *Delviscovo v. FBI*, 903 F.Supp. 1, 3 (D.D.C. 1995).

The agency declaration asserts that the criminal investigation regarding plaintiff remains open because there are individuals under indictment who are currently fugitives and others who remain of investigative interest to DEA. (Decl. of William C. Little, Jr. ¶ 71.) The withheld records relate to the criminal activity of plaintiff, his criminal associates, and third parties. (*Id.*) Disclosure of these records could assist the suspected and charged individuals in avoiding apprehension, developing false alibis, or intimidating potential witnesses. (*Id.*) Because disclosure of these records could interfere with an ongoing criminal investigation, DEA properly withheld them under Exemption 7(A).

### E.  Exemption 7(C)

Exemption 7(C) concerns the privacy interests of third parties and requires the Court to balance such privacy interests against the public interest in disclosure of the records. *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171 (2004); *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press,* 489 U.S. 749, 773-75 (1989). The exemption protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C).

DEA invokes Exemption 7(C) to protect the identities of DEA agents, other government employees, and local law enforcement personnel who participated in the investigation and prosecution of plaintiff. (Decl. of William C. Little, Jr. ¶¶ 76-79.) The deletion of the names and identifying information of federal, state and local law enforcement personnel has been routinely upheld. *See Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1491 (D.C.Cir. 1984); *Lesar v. Dep't*

*of Justice*, 636 F.2d 472, 487 (D.C.Cir. 1980).  Therefore, defendant properly invoked Exemption 7(C) to protect the identities of these categories of individuals.

Having determined that the BOP has properly asserted a privacy interest under Exemption 7(C), the Court must balance the privacy interest of the individual mentioned in the record against the public's interest in disclosure.  *Favish*, 541 U.S. at 172.  Once a privacy interest is identified under Exemption 7(C), the FOIA records requester must establish that (1) the public interest is a significant one; and (2) the information is likely to advance that interest.  *Id.*  The requester must provide evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred.  *Id.* at 174.

"[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'"  *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773). Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C).  *Blanton v. U.S. Dep't of Justice*, 63 F. Supp. 2d 35, 45 (D.D.C. 1999) (quoting *Davis*, 968 F.2d at 1282).  In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure.  *Spirko  v. U.S. Postal Serv.*, 147 F.3d 992, 999 (D.C.Cir. 1998); *Voinche v. FBI*, 46 F. Supp. 2d 26, 33 (D.D.C. 1999).

Plaintiff has not identified a public interest or alleged any agency misconduct.  Plaintiff's desire for the information is irrelevant.  *Favish*, 541 U.S. at 174; *Reporters Comm.*, 489 U.S. at 773.  The fact that plaintiff may be seeking the information to advance a private agenda is not a proper basis for disclosure under FOIA.  *See, e.g., Horowitz v. Peace Corps*, 428 F.3d 271, 278-

9

79 (D.C. Cir. 2005) (plaintiff's need for records to pursue civil suit irrelevant), *cert. denied*, 126

S. Ct. 1627 (2006); *Taylor v. U.S. Dep't of Justice*, 268 F. Supp. 2d 34, 36 (D.D.C. 2003) (no

public interest in disclosure of information to assist plaintiff in challenging conviction).

Therefore, DEA properly withheld the records under Exemption 7(C).[1]

## F.  Exemption 7(D)

Exemption 7(D) of the FOIA protects from disclosure records or information compiled

for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential
> source, including a State, local, or foreign agency or authority or any
> private institution which furnished information on a confidential basis,
> and, in the case of a record or information compiled by a criminal law
> enforcement authority in the course of a criminal investigation . . .
> information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D).  To invoke Exemption 7(D), an agency must show either that a source

provided the information to the agency under express assurances of confidentiality or that the

circumstances support an inference of confidentiality.  *See U.S. Dep't of Justice v. Landano*, 508

U.S. 165, 179-81 (1993). When determining the latter, the proper inquiry is "whether the

particular source spoke with an understanding that the communication would remain

confidential."  *Id*. at 172.  The government is not entitled to a presumption that all sources

supplying information in the course of a criminal investigation are confidential sources.  An

implied grant of confidentiality may be inferred, however, from the circumstances surrounding

the imparting of the information, including the nature of the criminal investigation and the

---

[1] Defendant has also asserted Exemption 7(F) as basis for withholding the identities of law enforcement officials.  (Decl. of William C. Little, Jr. ¶¶ 102-105.)  Because the Court has found that this information was properly withheld under Exemption 7(C), this issue need not be decided.

informant's relationship to the target. *See id*; *see also Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 905-06 (D.C. Cir. 1996).

Defendant asserts this exemption to protect the identity of confidential sources who had an express guarantee of confidentiality and those to whom a grant of confidentiality should be implied because of the particular circumstances of the investigation. "Coded informants" are individuals who have a continuing cooperative association with DEA. (Decl. of William C. Little, Jr. ¶ 81.) These individuals are expressly assured confidentiality. (*Id.*) DEA withheld investigatory reports and other documents containing personal information about a coded informant. (*Id.* ¶¶ 82-84.)

DEA also withheld records of interviews with a named confidential source who provided information about the drug trafficking activities of plaintiff and third parties, including the sources who interacted with plaintiff in drug transactions. (*Id.* ¶¶ 87-101.) Defendant asserts that the type of prosecution involved here supports an inference of confidentiality for this source. Plaintiff was convicted of conspiracy to distribute methamphetamine. (*Id.* ¶ 86.) According to the agency's declaration, at the time of his arrest, plaintiff was in possession of nine firearms. (*Id.*)

Violence and danger are inherent in drug trafficking activity. *Mays v. DEA*, 234 F.3d 1324, 1329-30 (D.C.Cir. 2000). Because of the nature of the crime involved here, the Court can reasonably infer that the informant cooperated under an implied assurance of confidentiality. *See Gonzalez v. BATF*, 2005 WL 3201009, at *9 (D.D.C. Nov. 9, 2005). Therefore, the names of confidential sources and the information they provided to law enforcement in this case were properly withheld under Exemption 7(D).

11

### G.  Segregability

If a record contains information that is exempt from disclosure, any reasonably segregable information must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026-27 (D.C. Cir. 1999); 5 U.S.C. § 552(b).  The district court in a FOIA case has "an affirmative duty to consider the segregability issue *sua sponte.*"  *Trans-Pacific Policing Agreement*, 177 F.3d at 1028.  An agency must provide a detailed justification and not just conclusory statements to prove that it has released all reasonably segregable information.  *Judicial Watch, Inc. v. U.S. Dep't of Justice*, No. 01-639, 2006 WL 2038513, at *2 (D.D.C. July 19, 2006) .

The Court finds that DEA's declaration demonstrates that defendant has withheld only the records or portions of records exempt under FOIA's provisions, and that all reasonably segregable material has been released.  (*See* Decl. of William C. Little, Jr. ¶¶ 106-109.)[2]

### IV.  CONCLUSION

Based on the foregoing, defendant's motion for summary judgment will be granted.  A separate order accompanies this Memorandum Opinion.

               /s/
              ELLEN SEGAL HUVELLE
              United States District Judge

DATE: December 20, 2006

---

[2] Plaintiff has also asserted a claim under the Privacy Act, 5 U.S.C. § 552a.  However, the system of records at issue here, DEA's Investigative Reporting and Filing System, is exempt from the provisions of the Privacy Act.  *See* 28 C.F.R. § 16.98(c)(3).