# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5006**   **September Term, 2007**

**06cv00591**

**Filed On: September 14, 2007**

[1066986]
Joe Louie Mendoza,
        Appellant

v.

Drug Enforcement Administration,
        Appellee

**MANDATE**
Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED: _____
BY: _____  Deputy Clerk
ATTACHED: ___ Amending Order
               ___ Opinion
               ___ Order on Costs

**BEFORE:** Henderson, Griffith, and Kavanaugh, Circuit Judges

## ORDER

Upon consideration of the motion for summary affirmance and the opposition thereto; the court's order to show cause filed May 10, 2007, and the response thereto; and the motion for appointment of counsel, it is,

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly determined that the Drug Enforcement Administration ("DEA") properly withheld Geographical Drug Enforcement Program (G-DEP) codes, Narcotics and Dangerous Drug Information System (NADDIS) numbers, and confidential informant numbers pursuant to Freedom of Information Act ("FOIA") Exemption 2. See Schiller v. Nat'l Labor Relations Bd., 964 F.2d 1205, 1207-08 (D.C. Cir. 1992). The court also correctly held that information obtained by a wiretap is exempt under FOIA Exemption 3, see Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1280 (D.C. Cir. 1992), and that information related to an open DEA investigation was properly withheld pursuant to FOIA Exemption 7(A), see Boyd v. Criminal Div. of U.S. Dep't of Justice, 475 F.3d 381, 386 (D.C. Cir. 2007). The district court also properly concluded that the names and personal information of law enforcement, government employees, and third parties involved in the investigation were permissibly redacted according to FOIA Exemption 7(C). See Computer Prof'ls for Social Responsibility v.

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5006**                                           **September Term, 2007**

U.S. Secret Service, 72 F.3d 897, 904 (D.C. Cir. 1996). The court also correctly determined that information from and about confidential informants was properly withheld pursuant to FOIA Exemption 7(D). See Mays v. Drug Enforcement Admin., 234 F.3d 1324, 1328-31 (D.C. Cir. 2001). In addition, the district court did not abuse its discretion by not conducting an in camera review of the records when it determined that all reasonably segregable information had been released on the basis of the government's evidence, see Armstrong v. Executive Office of the President, 97 F.3d 575, 578 (D.C. Cir. 1996), and it correctly denied appellant's motion for costs because he had not substantially prevailed within the meaning of 5 U.S.C. § 552(a)(4)(E), see Judicial Watch, Inc. v. Dep't of Commerce, 470 F.3d 363, 368 (D.C. Cir. 2006).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**